FILED
11/28/2023
Phyllis D. Smith
CLERK
Fergus County District Court
STATE OF MONTANA
By: Brenda Snapp
DV-14-2023-0000084-OC
Perry, Heather
1.00

Geoffrey T. Cunningham
**PARKER, HEITZ, & COSGROVE, PLLC**
401 N. 31st Street, Suite 1600
P.O. Box 7212
Billings, Montana 59103-7212
Ph: (406) 245-9991
geoff@parker-law.com

Attorneys for Plaintiff

## MONTANA TENTH JUDICIAL DISTRICT COURT, FERGUS COUNTY

| | |
|---|---|
| G E M HOLDINGS, INC, f/k/a LEWISTOWN PROPANE & FERTILIZER, INC. | Cause No. _____ |
| Plaintiff, | Judge: Heather M. Perry |
| and | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY; and JOHN DOES I–V, | |
| Defendants. | |

**********

COMES NOW the Plaintiff, G E M Holdings, Inc., by and through its attorneys of record, Parker, Heitz & Cosgrove, PLLC, and for its Complaint against the above-named Defendants, complains and alleges as follows:

### PARTIES

1   G E M Holdings, Inc. ("G E M Holdings"), is a Montana limited liability company with its mailing address and principle place of business in Lewistown, Fergus County, Montana.

2   G E M Holding is formerly known as Lewistown Propane and Fertilizer, Inc. The

shareholders of G E M Holdings are Montana residents, Gene Meier and Elaine Meier.

3       NorthWestern Corporation ("NWC") is a for-profit business incorporated in Delaware whose principal place of business is in Sioux Falls, Minnehaha County, South Dakota.

4       NWC is engaged in business in the State of Montana, operating under the assumed business name of NorthWestern Energy ("NWE"), with its registered agent in Missoula, Missoula County, Montana.

5       The true names and capacities of John Does I–V are unknown to Plaintiff who, therefore, sues said Defendants under these fictitious names. On information and belief, Defendants John Does I–V (i) directly participated in or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, or (iii) acted as principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time. John Does I–V are thus liable for the damages and other relief sought in this case as participants, co-conspirators, principals, agents, or as otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of John Does I–V have been ascertained, appropriate amendments of this Complaint will be filed. The parties described in Paragraphs 3, 4, and 5 shall be collectively referred to as "Defendants."

6       Further, based on information and belief, Plaintiff alleges that all Defendants,

including John Does I–V (i) jointly perpetrated the acts described herein with their Co-Defendants, or (ii) were the successors in interest to, or agents, principals, partners, joint venturers, or co-conspirators of their Co-Defendants in doing the things herein alleged, and were acting within the scope and authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their Co-Defendants in doing the things herein alleged. Defendants are, therefore, liable, jointly and severally, for all damages and other relief or remedies sought by the Plaintiff in this action.

## JURISDICTION AND VENUE

7   Plaintiff incorporates by reference and re-alleges ¶¶ 1–6 of this Complaint as though fully set forth herein.

8   This Court has subject matter jurisdiction over this case pursuant to Article VII, Section 4 of the Montana Constitution.

9   Defendants are subject to the specific personal jurisdiction of this Court pursuant to Rule 4(b)(1), M.R.Civ.P., as their actions resulted in accrual within Montana of the tort actions alleged herein.

10   This Court is the proper venue because the allegations described in this pleading constitute acts that resulted in the accrual of a tort action within Fergus County, Montana.

## ALLEGATIONS COMMON TO ALL COUNTS

11   Plaintiff incorporates by reference and re-alleges ¶¶ 1–10 of this Complaint as though fully set forth herein.

12   Plaintiff leased property located at 94 Elevator Rd, Denton, Fergus County, Montana.

13   Plaintiff's above-mentioned property was utilized to house, maintain, and oversee

equipment.

14   Plaintiff's property, also, at the time, included various equipment and personal property.

15   On or about November 30, 2021, a fire, later termed the "West Wind Fire," started southwest of Denton, Montana, and traveled east, destroying Plaintiff's property. The West Wind Fire ultimately spread to over ten thousand (10,000) acres, destroying a portion of the town of Denton, multiple homes, bridges, grain elevators, farms, pastures, fences, and outbuildings. This fire was a "forest or range fire," as defined by § 50-63-104(2)(c), M.C.A., as it burned unimproved real property located outside an incorporated municipality.

16   Upon on information and belief, the Fire Prevention and Investigation Section of the Montana Department of Justice investigated the West Wind Fire and determined it was ignited by overhead power lines and other electrical infrastructure that was owned, operated, and otherwise controlled solely by the Defendants.

17   The fire completely destroyed an elevator which housed the fertilizer and personal property located at the Plaintiff's property.

18   The West Wind Fire caused extensive damage to the Plaintiff's property.

## COUNT I: NEGLIGENCE

19   Plaintiff incorporates by reference and re-alleges ¶¶ 1–18 of this Complaint as though fully set forth herein.

20   Defendants had a duty of ordinary care to undertake any and all their activities and maintain its electrical power lines and infrastructure in a safe and reasonable manner under the circumstances.

21   Defendants breached this duty and were negligent in failing to properly erect,

construct, maintain, repair, monitor, operate, or otherwise control its electrical power lines and infrastructure in a manner which created a high probability of fire and, in fact, actually and proximately caused the West Wind Fire, and failed to prevent or otherwise mitigate the spread of said fire.

22   Defendants' breach of their duty of care directly and proximately caused damage to Plaintiff's real property, personal property, financial interests, and caused emotional distress. Defendants are, therefore, responsible for Plaintiff's damages in an amount to be proven at trial.

23   Under § 50-63-104, M.C.A., due to Defendants' negligence or its otherwise unintentional acts or omissions, Plaintiff is entitled to recover all a) reasonable costs for controlling or extinguishing the fire; b) economic damages; and c) either the diminution of fair market value of its property caused by the fire, or the actual and tangible restoration costs associated with restoring its damaged property to their undamaged state.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following:

(1)   All of Plaintiff's damages allowed under section 50-63-104, M.C.A., and otherwise, including but not limited to compensatory and economic damages, lost wages, lost fair market value to real and personal property, and restoration costs, all in amounts to be proven at trial;

(2)   Plaintiff's attorney fees and costs; and

(3)   Any other relief the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38, M.R.Civ.P., Plaintiff hereby demands a trial by jury of all issues so triable in this action.

DATED this _28th_ day of November, 2023.

PARKER, HEITZ & COSGROVE, PLLC

_____
Geoffrey T. Cunningham
Attorneys for Plaintiff